UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY ROSE;<br>JACK G. ROSE,<br><br>                    Plaintiffs,<br><br>v.<br><br>MICHAEL NICCOLE, M.D.;<br>MENTOR WORLDWIDE, LLC,<br><br>                    Defendants. | Case No.: 22cv158-LL-WVG<br><br>**ORDER DENYING MOTION TO FILE SUR-REPLY [ECF No. 12];**<br><br>**ORDER GRANTING MOTION TO REMAND TO STATE COURT [ECF No. 7];**<br><br>**ORDER DENYING WITHOUT PREJUDICE FOR LACK OF JURISDICTION MOTIONS TO DISMISS [ECF Nos. 3, 5]** |

      Before the Court is Beverly Rose and Jack G. Rose ("Plaintiffs") Motion to Remand ("Motion"). ECF No. 7. Plaintiffs filed the Motion on March 3, 2022, and Mentor Worldwide LLC ("Defendant" or "Mentor") filed an Opposition to the Motion on March 17, 2022. ECF No. 10. Plaintiffs filed a Reply on March 24, 2022. ECF No. 11. On March 25, 2022, Defendant Mentor filed an Ex Parte Application for Leave to File a Sur-Reply. ECF No. 12. For the reasons set forth below, the Court **DENIES** Defendant's Motion to file a Sur-Reply and **GRANTS** Plaintiffs' Motion to Remand. The Court also **DENIES**

without prejudice for lack of jurisdiction Defendants' pending Motions to Dismiss. ECF Nos. 3, 5.

## I. Background

Plaintiffs filed this action against Defendants Michael Niccole, M.D., Mentor, and Does 1-100 in California Superior Court on November 4, 2021. ECF No. 1-3 (hereinafter "Complaint"). The Complaint alleges that Mentor manufactured MemoryGel textured breast implants ("MemoryGel Implants") that caused Ms. Rose to develop breast implant-associated anaplastic large cell lymphoma ("BIA-ALCL"). Complaint ¶ 1. The Complaint also alleges that Dr. Niccole implanted Ms. Rose with the MemoryGel Implants in 1985. *Id.* at ¶ 176. The Complaint asserts six causes of action against all Defendants for strict product liability – failure to warn, strict product liability- manufacturing defect, negligence, intentional misrepresentation and concealment, negligent misrepresentation and concealment, and loss of consortium. *Id.* at ¶ 195-285.

On February 3, 2022, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Mentor removed Plaintiffs' state court action based upon diversity of citizenship. ECF No. 1 at ¶ 54. Mentor states in the Notice of Removal that although Plaintiffs and Defendant Dr. Niccole are citizens of California, "Dr. Niccole's citizenship may be disregarded and does not defeat jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) because . . . he is a sham defendant and has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction." *Id.* at ¶ 11.

On February 25, 2022, this Court issued an Order to Show Cause Regarding Subject Matter Jurisdiction to Plaintiffs and ordered them to respond to Mentor's allegations in the notice of removal regarding the fraudulent joining of Dr. Niccole. ECF No. 6. On March 3, 2022, Plaintiffs filed a Motion to Remand which addressed the issue of subject matter jurisdiction. ECF No. 7. Accordingly, this Court vacated the Order to Show Cause hearing.

## II. Legal Standard

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the . . . defendants

may remove the action to federal court." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see* 28 U.S.C. § 1441. Because the exercise of diversity jurisdiction necessarily involves addressing matters that "intrinsically belong[] to the state courts," the party invoking federal jurisdiction bears the burden of demonstrating that removal was proper. *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statutes are strictly construed, with doubts about the propriety of removal resolved in favor of remand. *Id.*

Federal courts cannot exercise diversity jurisdiction where "a single plaintiff [is] from the same State as a single defendant." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). But a plaintiff cannot destroy diversity by fraudulently joining a "sham" defendant. *McCabe v. Gen'l Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The burden of overcoming both the "strong presumption against removal jurisdiction" and the "general presumption against fraudulent joinder" is a heavy one. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

The Court can find fraudulent joinder only upon the removing party's showing that there is "no possibility that the plaintiff could demonstrate a viable claim" against the non-diverse defendant. *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548-49 (9th Cir. 2018). That impossibility must be "obvious according to the settled rules of the state." *Id.* at 549 (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). If the removing party's argument relies on ambiguous or unsettled questions of law, the claim's non-viability is not obvious, so any such questions must be resolved against the removing party. *See id.*; *see also Macy v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d, 1116, 1117-18 (N.D. Cal. Sept. 11, 2002) (citing *Good v. Prudential*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)).

Demonstrating "no possibility that the plaintiff could demonstrate a viable claim" is a higher bar than showing that the complaint fails to state a claim under Fed. R. Civ. 12(b)(6). "Arguments [that] go to the sufficiency of the complaint … do not establish fraudulent joinder." *Grancare*, 889 F.3d at 549, 552. Nor does that plaintiff need to respond

to such arguments by proposing a specific amendment – the burden remains on the removing party to demonstrate that the plaintiff cannot cure the deficiency by amendment. *See id*. at 550 ("[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.") (emphasis added); *see also Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156 (C.D. Cal. 2009). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

### III. Discussion

#### A. Defendant's Ex Parte Application for Leave to File a Sur-Reply

Defendant's Ex Parte Application to file a Sur-Reply in response to Plaintiffs' Reply to Mentor's Opposition to Plaintiffs' Motion to Remand is based on the contention that Plaintiffs made "new arguments and previously undisclosed material facts in their reply brief." ECF No. 12 at 2. The Court will not consider any matters raised for the first time in a reply brief. It is inappropriate to raise new matters in the reply because it deprives the opposing party of an opportunity to respond. *See Zamani v. Carnes*, 491 F. 3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Accordingly, Defendant's Motion to file a Sur-Reply is **DENIED**.

#### B. Plaintiffs' Motion to Remand

Plaintiffs argue that this Court should grant their Motion to Remand because "Defendant Mentor has failed to satisfy its heavy burden of proving that Dr. Niccole is fraudulently joined by clear and convincing evidence." Motion at 8. Plaintiffs argue that "[t]herefore, the Court cannot ignore the citizenship of Dr. Niccole." *Id.* Defendant Mentor opposes Plaintiffs' Motion on the grounds that "Plaintiffs have not stated a viable claim against Dr. Niccole" and that Plaintiff "*cannot* state a viable claim against Dr. Niccole." Oppo. at 5 (emphasis in original). Defendant Mentor states that "[a]ny cause of action for professional negligence is barred by the applicable state of limitations set forth in California Code of Civil Procedure Section 340.5." *Id.* Defendant Mentor further states that the "complaint unambiguously states that she was injured more than three years before

filing the Complaint and discovered the injury more than one year prior to filing the Complaint, her claims are time-barred." *Id*. Defendant argues that "no possible amendment to the Complaint would allow her to escape the statute." *Id.* Plaintiffs oppose this argument in their Motion on the grounds that "Plaintiffs' medical (Professional) negligence claim [against Dr. Niccole] is not time-barred" because "[o]ne or more tolling doctrines may apply" to Plaintiffs' claims against Dr. Niccole, "and the statute of limitations would be extended to account for the delay in discovering the new information." Motion at 13-14. Plaintiffs further argue that "Plaintiff has recently discovered new information that gives rise to another form of professional negligence, namely failure to obtain informed consent," and that "Plaintiffs intend to amend their complaint to assert this additional claim against Dr. Niccole." *Id.*

"Indeed a court may find a defendant fraudulently joined if a statute of limitations applies to the claim against the defendant." *Cogswell v. Ford Motor Co*., 2019 WL 410475, at *2 (S.D. Cal. Feb. 1, 2019) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998). Here, however, the Court cannot conclude that Plaintiffs' causes of action against Dr. Niccole are *obviously* time-barred. *See Hamilton Materials, Inc*., 494 F. 3d at 1206. Evaluating all factual allegations in the light most favorable to the Plaintiffs, this Court concludes that Defendant Mentor has not shown that there is absolutely no possibility that Plaintiffs can state a claim against Dr. Niccole. *See Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. Oct. 14, 1998) ("In resolving the issue of [fraudulent joinder], the court must further resolve all ambiguities in state law in favor of the plaintiffs.").

The Plaintiffs submit their claims against Dr. Niccole could have been tolled under the discovery rule. Motion 13-14. Plaintiffs also state that they intend to amend their complaint to assert a failure to obtain informed consent claim against Dr. Niccole *Id.* at 14. Defendant Mentor falls short of carrying its burden to demonstrate fraudulent joinder because the "relevant question is whether it is possible for Plaintiffs to state a claim against [Dr. Niccole], not whether the claim has been sufficiently pled." *Cavale v. Ford Motor Co., et al.*, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 2018); *see also Diaz*, 185 F.R.D. at 586

("[M]erely showing that an action is likely to be dismissed against the defendant does not demonstrate fraudulent joinder. 'The standard is not whether plaintiffs will actually or even probably prevail on the merits but whether there is a possibility that they may do so.'") (citation omitted). Given that Plaintiffs are permitted to amend their Complaint to correct any deficiencies, this Court cannot conclude that Plaintiffs have no possibility of amending their Complaint to allege a viable tolling theory." *See Jimenez v. Ford Motor Co.*, 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018) ("[T]he defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies."). Accordingly, Defendant Mentor has failed to demonstrate fraudulent joinder.

### IV.  Conclusion

For the reasons stated herein, Defendant Mentor's Ex Parte Application for Leave to File a Sur-Reply is **DENIED**. ECF No. 12. Additionally, Defendant Mentor has not met its burden to show that Dr. Niccole is a sham defendant, and the Court must consider his citizenship in determining whether there is complete diversity. The Court finds that complete diversity is lacking because Defendant Dr. Niccole is a citizen of California as are Plaintiffs. In light of this finding, Plaintiffs' Motion to Remand is **GRANTED** and this case is **REMANDED** to San Diego County Superior Court.

The pending Motions to Dismiss [ECF Nos. 3, 5] are **DENIED WITHOUT PREJUDICE** for lack of jurisdiction. The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: July 5, 2022

_____
Honorable Linda Lopez
United States District Judge